UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAVADIA JOHNSON

VERSUS

WAL-MART ASSOCIATES, INC.
a/k/a STORE #1136

CIVIL ACTION

NO. 14-207-BAJ-RLB

RULING AND ORDER

Before the Court is a **Motion to Dismiss for Failure to State a Claim, (Doc. 5)**, filed by Defendant Wal-Mart Associates, Inc. ("Wal-Mart"), seeking an order to dismiss Plaintiff Lavadia Johnson's ("Johnson") wrongful termination action. Johnson opposes Wal-Mart's Motion to Dismiss. (Doc. 23). Wal-Mart has been allowed to file a reply to Johnson's opposition. (Doc. 26). Oral argument is not necessary. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. For the reasons stated below, Wal-Mart's **Motion to Dismiss for Failure to State a Claim (Doc. 5) is GRANTED**.

I. Background

A. Johnson's Allegations and Wal-Mart's Response

Johnson's Complaint avers that on March 4, 2013, Johnson was questioned regarding her possible involvement in the disappearance of some of the store's funds. (Doc. 1-7 at ¶ 6). Johnson, a twenty-five year employee of Wal-Mart, alleges that shortly thereafter, she was wrongfully terminated for "gross mis-

1

conduct/integrity" [sic] without any type of formal notice, hearing, or "opportunity to defend herself against these charges or any witness or witness statement." (Doc. 1-7 at ¶¶ 3, 4, & 8). Johnson seeks reinstatement, lost wages, and damages for harassment and embarrassment. (Doc. 1-7 at ¶ 10).

Wal-Mart argues that Johnson's Complaint fails to state a claim upon which relief may be granted because she alleges "that her termination was wrong, but not illegal." (Doc. 5-1 at p. 4).

### B. Procedural History

On March 3, 2014, Johnson filed this lawsuit against Wal-Mart in Louisiana's 18th Judicial District Court. (Doc. 1-7). Citing diversity jurisdiction, Wal-Mart removed the case to this Court on April 4, 2014. (Doc. 1-5 at ¶ 3). Wal-Mart filed this motion to dismiss on April 21, 2014. (Doc. 5). Johnson filed an opposition to Wal-Mart's motion to dismiss on September 10, 2014. (Doc. 23). The Court granted Wal-Mart leave to file a reply to Johnson's opposition, (Doc. 25), which Wal-Mart submitted on December 16, 2014 (Doc. 26).

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure ("Rule") 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555.

In a case in which the Court's jurisdiction is based on the parties' diverse citizenship, "a federal court is in effect only another court of the state in which it sits and applies the same law that would be applied if the action had been brought in state courts." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 342 (5th Cir. 2013) (quoting *Aerosonic Corp. v. Trodyne Corp.*, 402 F.2d 223, 229 (5th Cir.1968)).

III. <u>Analysis</u>

The Court must determine whether Johnson has plausibly stated a wrongful termination claim by pleading facts from which the Court can reasonably infer that Wal-Mart disregarded Louisiana law. *See Iqbal*, 556 U.S. at 678. In the absence of a specific contract or an agreement establishing a fixed term of employment, the default rule under the civil code is that of employment at will. *Quebedeaux v. Dow*

*Chem. Co.*, 2001-2297, p. 5 (La. 6/21/02), 820 So. 2d 542, 545; *Tolliver v. Concordia Waterworks Dist. No. 1*, 98-00449, p. 4 (La. App. 3 Cir. 2/10/99), 735 So. 2d 680, 682; *see also* LA. CIV. CODE art. 2747 ("A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause."). The employment at will doctrine allows an employer to discharge an employee who does not have a specific contract or agreement establishing a fixed term of employment at any time, for any reason or no reason at all, without incurring liability for the discharge;[1] "the reasons for termination need not be accurate, fair or reasonable." *Quebedeaux*, 2001-2297, p. 5, 820 So. 2d at 545; *Square v. Hampton*, 2013-1680, p. 15 (La. App. 4 Cir. 6/4/14), 144 So. 3d 88, 98 (quoting *Bell v. Touro Infirmary, Inc.*, 2000-0824, p.4 (La. App. 4 Cir. 3/21/01), 785 So. 2d 926, 928; *see also Tolliver*, 98-00449, p. 7, 735 So. 2d at 684 ("'Unfairness' or 'unreasonableness' in terminating an employment relationship are not recognized exceptions to the employment at will doctrine."). The burden is on the party relying on an alleged contract of employment to overcome the presumption that employment is "at will." *See Chandler v. Kenyan*, 38,084, p. 4 (La. App. 2 Cir. (12/19/03), 862 So. 2d 1182, 1184–85.)

The presence of a state statute, local ordinance, or an express or implied contract confers upon certain employees a property interest in their continued

---

[1] There are certain federal and state statutory exceptions to the employment at will doctrine. *Quebedeaux*, 2001-2297, p. 5, 820 So. 2d at 545–46. For example, an employee cannot be discharged because of his or her race, sex, or religious beliefs. *Id.* In addition, various state statutes proscribe termination of employment because the employee has exercised certain statutory rights, such as the right to present a workers' compensation claim. *Id.* However, "[a]side from the federal and state statutory exceptions, there are no '[b]road policy considerations creating exceptions to employment at will and affecting relations between employer and employee.'" *Id.* at 2001-2297, p. 5, 820 So. 2d at 546. Here, Johnson does not allege any violation of any identifiable federal or state statutory rights.

4

employment sufficient to warrant due process protections under the Fifth and Fourteenth Amendments.[2] *Tolliver*, 98-00449, p. 4–5, 735 So. 2d at 682–83. Such a property interest entitles these employees to due process of the law, meaning that they can only be dismissed for just cause, and that they are typically required to be afforded a pre-termination hearing. *Id.* at 98-00449, p. 4–5, 735 So. 2d at 683. "At will" employees do not have a sufficient property interest in their continued employment to be entitled to due process protections. *See id.* at 98-00449, p. 4–5, 735 So. 2d at 682–83.

> An employee's abstract concern or desire to be treated "fairly" and "reasonably" in being terminated will not defeat summary dismissal of [her] complaint. Instead, [she] must present some evidence to overcome the "at will" presumption, i.e., evidence tending to show the employer intended, expressly or impliedly, by adoption of certain rules, regulations, or policies to grant [her] the right to continued employment subject to certain conditions or *certain specific understandings existed between [she] and the employer sufficient to cause [her] to reasonably expect such employment.*

*See id.* at 98-00449, p. 8, 735 So. 2d at 684 (affirming the lower court's decision to grant the defendant's summary judgment motion in a wrongful termination case).

Johnson complains that Wal-Mart wrongfully terminated her employment because she was discharged for "gross mis-conduct/integrity" [sic] without being afforded a hearing to defend against allegations that she was somehow involved in the disappearance of some of the store's funds. (Doc. 1-7 at p. 3–5). However,

---

[2] This type of property interest and the associated due process protections are often recognized in cases involving classified public employees and civil servants. *Square*, 2013-1680, p. 14, 144 So. 3d at 97–98. The Louisiana Court of Appeal for the Fourth Circuit notes that there is "no statute or case law . . . which acknowledge[s] the constitutional protection of employment in general." *Id.* at 2013-1680, p. 15 & n.20, 144 So. 3d at 98 & n.20.

5

Johnson's Complaint is silent as to whether she had any specific contract or agreement with Wal-Mart establishing a fixed term of employment, or as to whether she had any mutual understanding with Wal-Mart regarding her continued employment. In fact, Johnson does not plead any facts that could overcome the presumption that she was an "at will" employee. As an "at will" employee, she was entitled to neither a reasoned discharge nor any type of hearing concerning her termination. The Court accepts all of the allegations in the Complaint as true for the purposes of deciding Wal-Mart's motion. Yet, even in doing so, the Court finds that Johnson's Complaint does not state a plausible claim for relief on its face because it does not allege sufficient facts to support a claim of wrongful termination under Louisiana law.[3] Johnson's Complaint does not allege any misconduct for which Wal-Mart may be held liable.[4]

Accordingly,

---

[3] In her memorandum in opposition to Wal-Mart's motion to dismiss, Johnson offers that a "12(e) [m]otion for a more definite statement may be more appropriate here" than dismissal of this action. (Doc. 23 at p. 3). When a pleading is too vague or ambiguous for a party tasked with issuing a responsive pleading to reasonably respond, Rule 12(e) allows the party to move for a more definite statement of the pleading. Fed. R. Civ. P. 12(e). Neither party has made such a motion here. Indeed, Wal-Mart expressly "does not assert that the Petition is vague," and admits that it has received "fair notice of plaintiff's claim." (Doc. 26 at p. 1-2). As such, the Court declines to *sua sponte* order a more definite statement.

[4] Johnson states in her memorandum in opposition to Wal-Mart's motion to dismiss that she is also "entitled to relief" under the Louisiana Right to Work law. (Doc. 23 at p. 3). The Louisiana Right to Work statute declares that all persons have the right to join and assist labor organizations, or to refrain from doing so. LA. REV. STAT. § 23:981. Under the statute, all persons are protected in their exercise of these rights, without fear of penalty or reprisal. *Id.* In considering motions to dismiss under Rule 12(b)(6), courts must consider the entire complaint, documents incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, Johnson makes no mention of a claim under the Louisiana Right to Work law or of any activity involving a labor organization in her Complaint, or in any document filed as part of the Complaint. As such, and to the extent necessary, the Court also finds that Johnson's Complaint fails to state a claim upon which relief may be granted because it does not allege sufficient facts to support a claim under the Louisiana Right to Work statute.

IT IS ORDERED that Defendant Wal-Mart Associates, Inc.'s **Motion to Dismiss for Failure to State a Claim (Doc. 5)** is **GRANTED**.

Baton Rouge, Louisiana, this ___20th___ day of February, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA